IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 05-00504 SI |
| Plaintiff, | **ORDER DISMISSING DEFENDANT'S MOTION TO ENFORCE SENTENCE** |
| v. | |
| DAVID MIN CHAN, | |
| Defendant. | |

On August 7, 2006, defendant David Min Chan filed a letter with this Court, requesting that the Court direct the Bureau of Prisons to place him in a halfway house, as this Court recommended when it issued its judgment. The Court treat's Chan's letter as a motion for enforcement of his sentence, which the Court must DISMISS for lack of jurisdiction.

The Court must dismiss Chan's motion for two separate reasons. First, Chan's letter constitutes a challenge to the manner in which his sentence is being executed, which is not properly brought in his criminal case. Rather, the issue Chan raises must be brought as a civil action for a habeas petition under 28 U.S.C. § 2241. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) ("[P]etitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 . . . ."). Further, because Chan is currently confined in Atwater, California, if he wishes to file a § 2241 petition he must do so in the District Court for the Eastern District of California. *Id.* at 865 ("[A] habeas petition filed pursuant to § 2241 must be heard in the custodial court . . . ."). Because Atwater falls within the geographical jurisdiction of the Eastern District, this Court lacks jurisdiction

1  to hear Chan's challenge to the execution of his sentence.

2  Accordingly, Chan's motion is DISMISSED for lack of jurisdiction.

3  **IT IS SO ORDERED.**

5  Dated: August 9, 2006

*Susan Illston*
SUSAN ILLSTON
United States District Judge